UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| YEVGENIYA CONDON | ) |
| | ) **JURY DEMAND** |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: |
| | ) |
| VANDERBILT UNIVERSITY MEDICAL | ) |
| CENTER and CROSS COUNTRY | ) Judge: |
| HEALTHCARE PROFESSIONALS, | ) |
| | ) Magistrate Judge: |
| Defendants. | ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Yevgeniya Condon ("Condon" or "Plaintiff"), by counsel, against Defendants, Vanderbilt University Medical Center ("Vanderbilt") and Cross Country Healthcare Professionals ("Cross Country"), (collectively "Defendants"), pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq. ("Title VII") and the Tennessee Human Rights Act ("THRA") for its discriminatory actions against her based on her religion.

### II. PARTIES

2. Condon is a United States citizen and resident of Tennessee, who at all times relevant to this action, resided within the geographical boundaries of the Middle District of Tennessee.

3. Vanderbilt is a nonprofit corporation that is located and conducts business within the geographical boundaries of the Middle District of Tennessee.

4. Cross Country is a corporation who conducts business within the geographical boundaries of the Middle District of Tennessee.

### III. Jurisdiction and Venue

5. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. § 1367, and 42 U.S.C. § 2000e-5(f)(3).

6. Vanderbilt is an "employer" as that term is defined by 42 U.S.C. § 2000e(b) and the THRA.

7. Cross Country is an "employer" as that term is defined by the THRA.

8. Condon is an "employee" of both Cross Country and/or Vanderbilt as that term is defined by 42 U.S.C. § 2000e(f) and the THRA.

9. Condon satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Vanderbilt alleging discrimination based on her religion. Condon received the required Notice of Suit Rights and timely files this action.

10. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Middle District of Tennessee; thus, venue is proper in this Court.

11. Condon's state law claims arise from the same common nucleus of operative facts as her federal law claims and all her claims form a single case and controversy under Article III of the United States Constitution.

### IV. Factual Allegations

12. Condon, who is a Protestant Christian, was an employee of the Defendants, who assigned her to work at Vanderbilt as a Critical Care Nurse on October 25, 2021.

13. In her contract with Vanderbilt, Condon's anticipated start date was set for November 29, 2021.

14. Condon's sincerely held religious beliefs prevent her from receiving the flu vaccination.

15. On October 30, 2021, Condon was informed by Cross Country that she was required to receive the flu vaccination by November 22, 2021, to work for Vanderbilt. In particular, Condon was informed that there will be "no declinations accepted by [Vanderbilt] for any reason. [T]he vaccine is mandatory."

16. Later that same day, on October 30, 2021, Condon responded to Cross Country's message, requesting for Vanderbilt to provide her with an accommodation of being exempt from the vaccination requirement due to her sincerely held religious beliefs.

17. On November 11, 2021, Cross Country informed Condon that Vanderbilt did not approve her religious exemption for the vaccination requirement. In addition, Cross Country stated they have to abide by the contractual agreement between Cross Country and Vanderbilt, which requires the "travelers" to have the flu vaccination, unless if there is a medical exemption.

18. On November 16, 2021, Condon contacted Vanderbilt, letting them know that she was informed by Cross Country that Vanderbilt does not accept religious exemptions for the vaccine requirement for "travelers" who have sincerely held religious beliefs against receiving the influenza vaccination. Condon, again, requested that Vanderbilt provide her with an exemption to the vaccine requirement due to her sincerely held religious beliefs.

19. In response, Vanderbilt denied Condon's request for a religious accommodation and refused to allow her to work as Critical Care Nurse.

20. Vanderbilt's policy is that no exemptions will be granted to "travelers" under any circumstances.

21. Condon has suffered damages due to the Defendants' actions.

## V. CAUSES OF ACTION

### COUNT I: TITLE VII - RELIGIOUS DISCRIMINATION

22. Condon hereby incorporates by reference paragraphs one (1) through twenty-one (21) as if the same were set forth at length herein.

23. Vanderbilt discriminated against Condon on the basis of her religion.

24. Vanderbilt's contract with Cross Country has an unjustified and disproportionate impact on those prospective employees with sincerely held religious beliefs that prevent them from receiving the flu vaccination.

25. Vanderbilt's actions were intentional, willful, and in reckless disregard of Condon's rights as protected by Title VII of the Civil Rights Act of 1964.

26. Condon has suffered and continues to suffer damages because of Vanderbilt's actions.

### COUNT II: VIOLATIONS OF THE THRA

27. Condon hereby incorporates by reference paragraphs one (1) through twenty-four (24) as if the same were set forth at length herein.

28. Defendants discriminated against Condon on the basis of her religion.

29. Defendants' contract between each other has an unjustified and disproportionate impact on those prospective employees with sincerely held religious beliefs that prevent them from receiving the flu vaccination.

30. Defendants' actions were intentional, willful and in reckless disregard of Condon's legal rights.

31. Condon has suffered and continues to suffer harm as a result of Defendants' unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Yevgeniya Condon, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Plaintiff to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award front pay in lieu thereof.

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages;

5. Punitive damages;

6. Costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgement interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

_s/Kyle F. Biesecker_
Kyle F. Biesecker, Attorney No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Yevgeniya Condon, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

_s/Kyle F. Biesecker_
Kyle F. Biesecker, Attorney No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com

*Attorneys for Plaintiff*