IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| YEVGENIYA CONDON,<br><br>Plaintiff,<br><br>v.<br><br>VANDERBILT UNIVERSITY MEDICAL CENTER AND CROSS COUNTRY HEALTHCARE PROFESSIONALS,<br><br>Defendants. | Case No. 3:22-cv-00847<br><br>District Judge Eli J. Richardson<br><br>Magistrate Judge Jeffery S. Frensley |

**ANSWER OF DEFENDANT VANDERBILT UNIVERSITY MEDICAL CENTER**

Defendant Vanderbilt University Medical Center ("VUMC") respectfully submits the following Answer, affirmative and other defenses:

1. VUMC admits that Plaintiff purports to bring this lawsuit under Title VII of the Civil Rights Act of 1964 ("Title VII") but denies the validity of Plaintiff's claims and therefore denies Paragraph 1 of the Complaint.

2. VUMC is without information sufficient to respond to Paragraph 2 of the Complaint and therefore denies the same.

3. VUMC admits Paragraph 3 of the Complaint.

4. Upon information and belief, VUMC admits Paragraph 4 of the Complaint.

5. VUMC admits that jurisdiction is proper before this Court.

6. VUMC denies that it was Plaintiff's employer within the meaning of Title VII and therefore denies Paragraph 6 of the Complaint.

7. Upon information and belief, VUMC admits Paragraph 7 of the Complaint.

8. VUMC denies Paragraph 8 of the Complaint.

9. VUMC admits that Plaintiff filed a Charge of Discrimination with the EEOC, the timing and substance of which VUMC will require strict proof.

10. VUMC admits that venue is proper before this Court.

11. VUMC admits that this Court has supplemental jurisdiction over Plaintiff's claims under the Tennessee Human Rights Act ("THRA").

12. VUMC denies Paragraph 12 of the Complaint.

13. VUMC denies Paragraph 13 of the Complaint.

14. VUMC is without information sufficient to form a belief to Paragraph 14 of the Complaint and therefore denies the same.

15. VUMC is without information sufficient to form a belief to Paragraph 15 of the Complaint and therefore denies the same.

16. VUMC denies Paragraph 16 of the Complaint, as stated.

17. VUMC is without information sufficient to form a belief as to Paragraph 17 of the Complaint and therefore denies the same.

18. VUMC admits that on November 16, 2021, Plaintiff emailed VUMC; that email speaks for itself.

19. VUMC denies Paragraph 19 of the Complaint, as stated.

20. VUMC denies Paragraph 20 of the Complaint, as stated.

21. VUMC denies Paragraph 21 of the Complaint.

22. VUMC incorporates its responses to Paragraphs 1 through 21, as if set forth fully herein.

23. VUMC denies Paragraph 23 of the Complaint.

24. VUMC denies Paragraph 24 of the Complaint.

25. VUMC denies Paragraph 25 of the Complaint.

26. VUMC denies Paragraph 26 of the Complaint.

27. VUMC incorporates its responses to Paragraphs 1 through 26 of the Complaint, as if set forth fully herein.

28. VUMC denies Paragraph 28 of the Complaint.

29. VUMC denies Paragraph 29 of the Complaint.

30. VUMC denies Paragraph 30 of the Complaint.

31. VUMC denies Paragraph 31 of the Complaint.

32. VUMC denies that Plaintiff is entitled to any of the damages sought in the damages clause of her Complaint.

33. Any allegation not specifically admitted herein is denied.

## Affirmative and Other Defenses

1. Plaintiff's claims against VUMC fail as a matter of law, as VUMC was not Plaintiff's employer.

2. Plaintiff's claims under Title VII and the THRA fail, as the accommodations they sought would have constituted an undue burden within the meaning of the Acts and the EEOC's guidance on such accommodations under Title VII. The accommodations that Plaintiff claims should have been given would have caused more than a *de minimis* cost on both Defendants, presented more than a *de minimis* risk to employee and patient safety, and/or presented more than a *de minimis* effect on the ability of VUMC to provide services safely to its patients. This is particularly so, given that VUMC is a hospital providing care to patients, many of whom are in a critical state.

3. Plaintiff's Title VII claims fail to the extent they exceed the scope of a timely-filed charge of discrimination.

4. Plaintiff's claims are barred by the doctrine of mitigation. Plaintiff's damage claims fail to the extent she has not used reasonable efforts to find a substantially similar job. To the extent Plaintiff has received monies from subsequent employers, VUMC is entitled to an offset.

5. VUMC reserves the right to assert defenses of lack of standing or judicial estoppel, based upon what the parties learn in discovery.

6. Plaintiff's claim for punitive damages fail as a matter of law. Punitive damages are not available under the THRA. They further fail under Title VII as Plaintiff cannot show malice, willfulness or reckless disregard for Plaintiff's federally protected rights.

7. Plaintiff's punitive damage claims fail because VUMC had a good faith belief that its actions, with respect to its vaccine policy and accommodation process, complied with Title VII and the THRA. Based upon the existing case law and guidance at the time, VUMC had a reasonable belief that the accommodations sought by Plaintiff constituted an undue hardship under Title VII.

8. Plaintiff's claims for punitive damages fail under *Kolstad* and its progeny.

9. Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by the Defendant, Plaintiff's damages may be barred in whole or in part by the doctrine of after-acquired evidence.

10. Defendant had a good faith belief that its actions toward Plaintiff were proper under the THRA, Title VII, and other laws.

11. If Plaintiff is able to show any discrimination occurred (which Defendant denies), Defendant reserves the right to assert a mixed motive defense.

12. An excessive ratio of punitive damages to actual damages violates due process.

13. VUMC reserves the right to assert additional affirmative defenses as discovery progresses.

WHEREFORE, VUMC respectfully requests that the Court enter an Order dismissing Plaintiffs' claims with prejudice, awarding Defendant its attorney's fees and costs incurred in connection with defending this matter, and awarding Defendant such other and further relief as the Court deems equitable and just.

Respectfully submitted,
*/s/ Jonathan O. Harris*
Jonathan O. Harris, TN #021508
Darius Walker, Jr., TN #035408
OGLETREE, DEAKINS, NASH,
SMOAK &STEWART, P.C.
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: 615-254-1900
Facsimile: 615-254-1908

Attorneys for Defendant Vanderbilt
University Medical Center

**CERTIFICATE OF SERVICE**

I hereby certify that on this December 5, 2022 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Kyle F. Biesecker
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
E-mail: kfb@bdlegal.com

Attorney for Plaintiff

*/s/ Jonathan O. Harris*
